1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT WILLIAM TUNSTALL, Jr.,                No.  2:21-cv-1578 DB P

11            Plaintiff,

12       v.                                       ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13   MARK GHALY, et al.,

14            Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

17   1983.  Plaintiff claims that defendants have failed to accommodate his disability, failed to advise

18   him of the right to remain silent during prisoner disciplinary proceedings, and have not

19   investigated his allegations of abuse.  Presently before the court is plaintiff's motion for

20   appointment of counsel (ECF No. 8) and his request for additional time to file an in forma

21   pauperis ("IFP") application (ECF No. 6).  For the reasons set forth below, the court will deny the

22   motion for an extension of time, deny the motion to appoint counsel, and recommend that

23   plaintiff be directed to pay the filing fee in full or face dismissal of this action.

24                          **REQUEST FOR AN EXTENSION OF TIME**

25          By order dated September 9, 2021, the court informed plaintiff that he had not submitted

26   the proper in forma pauperis application and had not submitted a prison trust account.  (ECF No.

27   4.)  The court sent plaintiff the proper form and gave plaintiff thirty days leave to submit a

28   properly completed in forma pauperis application.  In response plaintiff filed a motion seeking an

                                                  1

1   extension of time to submit his in forma pauperis application.  (ECF No. 6.)  However, as set

2   forth below, the undersigned will recommend that plaintiff be barred from proceeding in forma

3   pauperis in this action because he accrued three strikes prior to filing this action.  Thus, any

4   extension of time to submit a properly completed in forma pauperis application would be futile.

5   Therefore, the court will deny the motion for an extension of time as moot.

6                                              **IN FORMA PAUPERIS**

7   **I.       In Forma Pauperis Statute**

8           The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

9   the commencement and prosecution of any suit without prepayment of fees by a person who

10  submits an affidavit indicating that the person is unable to pay such fees.  However,

11              [i]n no event shall a prisoner bring a civil action . . . [in forma
                paupers] if the prisoner has, on 3 or more prior occasions, while
12              incarcerated or detained in any facility, brought an action or appeal
                in a court of the United States that was dismissed on the grounds that
13              it is frivolous, malicious, or fails to state a claim upon which relief
                may be granted, unless the prisoner is under imminent danger of
14              serious physical injury.
    28 U.S.C. § 1915(g).
15

16          This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

17  claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

18  S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in

    original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from
19
    proceeding in forma pauperis unless he meets the exception for imminent danger of serious
20
    physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this
21
    exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was
22
    faced with imminent danger of serious physical injury at the time his complaint was filed.  See
23
    Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.
24
    **II.     Has Plaintiff Accrued Three Strikes?**
25
            A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g)
26
    and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was
27
    filed, under imminent danger of serious physical injury.  Judges have previously found that
28
                                                        2

1  plaintiff has accrued at least three strikes.  See Tunstall v. Nappi, No. 2:21-cv-0308 TLN EFB P,

2  2021 WL 1907190 (E.D. Cal. May 12, 2021), findings and recommendations adopted, 2021 WL

3  2806963 (E.D. Cal. July 1, 2021); Tunstall v. Alexander, No. 2:21-cv-1701 TLN AC P, 2021 WL

4  4318090 (E.D. Cal. Sept. 23, 2021), findings and recommendations adopted, 2021 WL 4975299

5  (E.D. Cal. Oct. 26, 2021).  The court takes judicial notice of those cases and plaintiff's prior

6  filings described therein.  MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A

7  court may take judicial notice of its own records and the records of other courts).

8       Those cases include: (1) Tunstall v. Veal, No. 2:06-cv-07272 LKK EFB (E.D. Cal.)

9  (dismissed for failure to state a claim (ECF No. 67)); (2) Tunstall v. Knowles, No. 2:08-cv-1850

10  RCC (E.D. Cal.) (dismissed for failure to file an amended complaint after the court determined

11  that the first amended complaint failed to state a claim (ECF Nos. 16, 17)); (3) Tunstall v. State of

12  California, No. 2:11-cv-2587 KJM GGH (E.D. Cal.) (action dismissed because plaintiff failed to

13  file an amended complaint after the court determined the original complaint failed to state a claim

14  (ECF Nos. 4, 8)); Tunstall v. Duffy, No. 2:14-cv-2259 JAM EFB (E.D. Cal.) (action dismissed

15  because plaintiff failed to file an amended complaint after court determined the original complaint

16  failed to state a claim (ECF Nos. 24, 27)).  The strikes described all occurred prior to plaintiff's

17  initiation of the present action on September 2, 2021.

18  **III.    Does Plaintiff Meet the Imminent Danger Exception?**

19       Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

20  pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

21  § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

22  faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493

23  F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

24  rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical

25  injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

26  under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical

27  injury, or a patter of misconduct evidencing the likelihood of imminent serious physical injury."

28  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory

3

1   assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.

2   1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where

3   "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531

4   (7th Cir. 2002).

5         The court has reviewed plaintiff's complaint.  (ECF No. 1.)  Therein plaintiff alleges that

6   the defendants have failed to respond to his requests for investigation into his allegations.  He

7   further alleges that he has received rule violation reports because his neurological issues have not

8   been treated and claims he was not given Miranda v. Arizona, 384 U.S. 436 (1966)[1] warnings

9   during prison disciplinary proceedings.  (Id. at 3, 6.)

10        The court finds plaintiff's allegations lack the specificity and urgency necessary to meet

11  the imminent danger exception.  Accordingly, the court will recommend that plaintiff's motion to

12  proceed in forma pauperis be denied and that he be required to pay the filing fee in order to

13  proceed with this action.

14                              **MOTION TO APPOINT COUNSEL**

15        Plaintiff filed document captioned "Consent to Magistrate Judge Jurisdiction."  (ECF No.

16  8.)  Therein, he stated he consents to magistrate judge jurisdiction and made a request for the

17  appointment of counsel.  He argues the court should appoint counsel because he is "sensitive to

18  lighting and has to wear Dark Tinted Glasses."  (Id. at 2.)

19        The United States Supreme Court has ruled that district courts lack authority to require

20  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

21  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

22  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24        The test for exceptional circumstances requires the court to evaluate the plaintiff's

25  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26

27  [1] Part of the Supreme Court's holding in Miranda was that in order to protect the Fifth
Amendment privilege against self-incrimination, statements made during custodial interrogations
may not be introduced into evidence during a criminal trial unless an officer advised the suspect
28  of their right to remain silent and the consequences of waiving that right.  384 U.S. 436.

4

1   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

2   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

3   common to most prisoners, such as lack of legal education and limited law library access, do not

4   establish exceptional circumstances that would warrant a request for voluntary assistance of

5   counsel.

6         In the present case, the court does not find the required exceptional circumstances.

7   Plaintiff has not explained how his light sensitivity will hinder his ability to articulate his claims

8   pro se.  Additionally, at this stage of the proceedings the court is unable to determine plaintiff's

9   likelihood of success on the merits.  Accordingly, the court will deny the motion without

10  prejudice.

11                          **CONCLUSION**

12        For the foregoing reasons, IT IS HEREBY ORDERED that:

13        1. Plaintiff's motion for an extension of time (ECF No. 6) is denied;

14        2. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied; and

15        3. The Clerk of the Court is directed to randomly assign this action to a United States

16  District Judge.

17        IT IS HEREBY RECOMMENDED that:

18        1. Plaintiff's motion to proceed in forma pauperis be denied;

19        2. The court find plaintiff accrued three strikes under 28 U.S.C. 6 1915(g) prior to this

20  action; and

21        3. The court order plaintiff to pay the $402.00 filing fee in order to proceed with this

22  action.

23        These findings and recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

25  after being served with these findings and recommendations, plaintiff may file written objections

26  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

27  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

28  ////

5

time may result in a waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 18, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/tuns1578.3 strikes + 31